**Herman TACKETT, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 84–3245.

United States District Court, S.D. West Virginia, Huntington Division.

Jan. 27, 1986.

Bernard L. Spaulding, Grubb & Spaulding, Logan, W.Va., for plaintiff.

Gary Pullin, Asst. U.S. Atty., Charleston, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

This is an action under 42 U.S.C. § 405(g) to review the final decision of the Secretary of Health and Human Services denying Plaintiff's application for a period of disability and disability insurance benefits. The case is presently pending before the Court on cross motions of the parties for summary judgment.

Plaintiff was born on December 5, 1946, has a ninth grade education, and has past relevant work experience as a coal miner and assembly line worker in an automobile plant. He first filed an application for a period of disability and disability insurance benefits on July 17, 1981, alleging disability commencing August 28, 1980, due to back and right leg impairments. The application was denied on initial consideration on August 28, 1981, and Plaintiff failed to pursue it further. He filed a second application on April 20, 1982, again alleging disability commencing August 28, 1980, due to back

and right leg impairments. The application was denied initially and on reconsideration and Plaintiff then requested a hearing before an administrative law judge (ALJ). The ALJ considered the case *de novo* and in a decision dated April 26, 1983, determined that Plaintiff was entitled to a closed period of disability from August 28, 1980, to September 1, 1982. Disagreeing with the finding of the ALJ that his disability ceased on September 1, 1982, Plaintiff requested review by the Appeals Council. The request was granted, however, on April 13, 1984, the Appeals Council issued a decision denying benefits altogether. Plaintiff instituted this action on May 10, 1984.

The Court's function on review is limited to a determination of whether the Secretary's findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir.1972).

Plaintiff alleges disability due to residuals from two back injuries. Briefly, the evidence shows that he injured his back while working in the mines on August 28, 1980. An examination of his back by Francisco C. Valentin, M.D., on October 17, 1980, showed marked paravertebral muscle spasms with some limitation of flexion, pain on hyperextension and rotation, and marked tenderness along the lumbosacral area bilaterally. Straight leg raising was positive at 50° on the right and 60° on the left. An x-ray of the lumbosacral spine was within normal limits. Dr. Valentin's diagnostic impression was acute lumbar myositis. Plaintiff's symptoms continued despite conservative treatment by Dr. Valentin and he was hospitalized on January 11, 1981. A lumbar myelogram showed a defect at the L–5, S–1 area and a lumbar laminectomy with excision of a huge ruptured disc at the "5–1" level was performed on January 21, 1981.

Plaintiff was seen by Diane E. Shafer, M.D., on March 4, 1981, for worker's compensation purposes. Dr. Shafer opined that Plaintiff remained disabled and estimated that he would be able to return to work in about two months.

In a letter dated July 27, 1981, Dr. Valentin reported that he had continued to see Plaintiff for complaints of back and leg pain following his surgery. An examination on April 6, 1981, showed severe muscle spasms along the back area, pain with flexion and hyperextension, and positive straight leg raising at 45° bilaterally. When seen on May 18, June 1, and June 17, 1981, Plaintiff had a moderate amount of back and leg pain. He received an intrathecal injection on June 17, 1981, and was somewhat improved on July 8, 1981. Dr. Valentin stated that Plaintiff remained totally disabled.

On October 15, 1981, Dr. Valentin reported that Plaintiff had returned to work on September 11, 1981, but had reinjured his back on October 14, 1981, when attempting to lift some timbers. An examination of his back on the date of the injury showed limited motion with pain on hyperextension, paravertebral muscle spasms, and tenderness along the back area. Straight leg raising was positive at 35 to 40° on the right and 60° on the left with a positive Laseque sign. There was also weakness of the toe extensor and ankle jerk on the right side.

Plaintiff was hospitalized on October 15, 1981, and underwent a second myelogram. The myelogram showed a defect at the L–5, S–1 interspace suggesting a reherniation of the lumbar disc. He was treated with physical therapy and a variety of medications and was discharged on November 5, 1981.

Dr. Shafer saw Plaintiff a second time for worker's compensation purposes on No-

vember 24, 1981. She again opined that he was disabled.

Plaintiff was hospitalized on January 31, 1982, and underwent another lumbar laminectomy with excision of a huge ruptured disc at the "5–1" level. When seen by Dr. Valentin on March 24, 1982, he had less pain but a tingling sensation was noted along the right leg. On May 6, 1982, Dr. Valentin opined that Plaintiff remained totally disabled.

The last medical report in the record concerning Plaintiff's back impairment is from James C. Owen, M.D., who examined Plaintiff on September 2, 1982, at the request of the Secretary. Dr. Owen's examination showed a good range of motion with no redness or swelling of the joints. Plaintiff walked with a limp off his left foot and appeared somewhat weaker on his right thigh. He could squat with the help of his arms, had great difficulty toe walking, but could heel walk easily. Sensation was decreased bilaterally in the superior laterial thigh. Straight leg raising was negative bilaterally at 90° in the sitting position but positive at 30° in the supine position. Reflexes were 2+ bilaterally symmetrical at the ankles and knees. X-rays of the lumbosacral spine were essentially negative. Dr. Owen's diagnoses included status post laminectomy with continued probable root compression pain.

The evidence shows that Plaintiff also suffers from mild chronic obstructive pulmonary disease and category 1 simple pneumoconiosis. The evidence does not include any ventilatory function studies.

The ALJ found that Plaintiff's impairments were status post two lumbar laminectomies, degenerative changes in the lumbosacral spine, and chronic pulmonary disease. He found that Plaintiff's work from September 11, 1981, to October 14, 1981, represented an unsuccessful work attempt and was not substantial gainful activity. The ALJ determined that Plaintiff was disabled from August 28, 1980, through September 1, 1982, but that beginning on September 2, 1982, he had the residual functional capacity to perform light work activity restricted to a clean environment. See 20 C.F.R. § 404.1567(b). Concluding that Plaintiff's environmental restrictions would not prevent him from performing a significant number of jobs at the light work level, the ALJ then applied Rule 202.17 of Table No. 2, Appendix 2, Subpart P, 20 C.F.R. Part 404 to direct a finding of "not disabled".

In reversing the ALJ's decision, the Appeals Council first determined that consideration of the issue of disability for the period of August 28, 1980, through August 28, 1981, was precluded by the doctrine of res judicata, that the record contained no new and material evidence with respect to that period, and that the ALJ's finding of disability during that period constituted an error of law. See 20 C.F.R. § 404.970(a)(2). The Appeals Council found that Plaintiff's work from September 11, 1981, to October 14, 1981, was not an unsuccessful work attempt "but a genuine attempt to return to a normal life", and that the attempt was interrupted by an exacerbation of Plaintiff's back impairment "because he tried to perform work which was above his residual functional capacity." Finally, the Appeals Council agreed with the ALJ's finding of "not disabled" for the period subsequent to September 1, 1982.

After a review of the record, the Court finds that the final decision of the Secretary is not supported by substantial evidence. The decision is reversed in part and remanded in part for further proceedings.

 Generally, a district court lacks jurisdiction under 42 U.S.C. § 405(g) to review a decision by the Secretary refusing to reopen a claim, *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), or applying administrative *res judicata* as a bar to it, *Teague v. Califano*, 560 F.2d 615 (4th Cir.1977). However, if the claim has nevertheless been reconsidered on the merits at any administrative level and has thus in fact been reopened by the Secretary, the final decision of the Secretary denying the claim is subject to judicial review despite the expressed basis for the denial. *Farley v. Califano*, 599 F.2d 606

(4th Cir.1979); *McGowen v. Harris,* 666 F.2d 60 (4th Cir.1981).

It is clear that Plaintiff's claim of disability for the period of August 28, 1980, through August 28, 1981, was reopened by the ALJ.[1] Furthermore, such action by the ALJ did not constitute an error of law. Pursuant to the Secretary's regulations, a prior determination may be reopened within twelve months of the date of the notice of the initial determination *for any reason* and within four years of the date of the notice of the initial determination for good cause. 20 C.F.R. § 404.988(a), (b) (emphasis added). Good cause includes the submission of new and material evidence. 20 C.F.R. § 404.989(a)(1). In this case, notice of the initial determination denying Plaintiff's first application was dated September 2, 1981, and Plaintiff's second application was filed on April 20, 1982, well within the twelve month period for reopening for any reason. Thus, Plaintiff was not required to show good cause as a condition for reopening his prior claim and the Appeals Council simply proceeded under the wrong standard.

Concerning Plaintiff's return to work from September 11, 1981, to October 14, 1981, the Court notes that because this may have been "a genuine attempt to return to a normal life" does not mean that it was successful. Furthermore, it is obvious that Plaintiff reinjured his back by performing work which was above his residual functional capacity. The implication that this injury would not have occurred at some lesser level of work than that at which he was working, however, is mere speculation and is not supported by any substantial evidence in the record.

■ Both the Appeals Council and the ALJ agreed that following his second back injury Plaintiff was disabled through September 1, 1982. Therefore, the April 26, 1983, decision of the ALJ is reinstated insofar as it found Plaintiff disabled from August 28, 1980, to September 1, 1982, and the Secretary is directed to award benefits accordingly. However, the case must be remanded for further proceedings on the issue of Plaintiff's ability to work subsequent to September 1, 1982, and the Court makes the following findings in this regard.

First, the Secretary's regulations define light work as work involving, among other things, a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b). Contrary to the statement of the Appeals Council, Dr. Owen's examination does not support a finding that Plaintiff can perform a full range of light work.[2] In particular, Dr. Owen reported that Plaintiff walked with a limp off his left foot and was somewhat weaker on his right thigh, was able to squat only with the use of his arms, and had great difficulty toe walking. Furthermore, the Appeals Council found that Plaintiff was unable to perform work involving prolonged sitting. Therefore, the Court remands this case for reconsideration of Plaintiff's residual functional capacity and for specific findings on his ability to sit, stand, walk, lift, etc. Such findings should, of course, be related to medical evidence in the record.

■ Second, this case must be remanded for reconsideration on the issue of pain. The proper standard for evaluating pain and other symptoms is now provided for under Section 3(a)(1) of the Social Security Disability Benefits Reform Act of 1984.

---

1. Although not in its final decision, the Appeals Council itself considered Plaintiff's claim of disability during this period. In the October 27, 1983, letter to Plaintiff notifying him that his request for review had been granted, the Appeals Council found that Plaintiff had the residual functional capacity to perform a full range of sedentary work as of July 27, 1981. That finding, however, is not supported by substantial evidence and is in fact contradicted in the

April 13, 1984, decision of the Appeals Council (Plaintiff unable to perform work involving prolonged sitting). The doctrine of *res judicata* was never mentioned in this letter.

2. It is noted that while Dr. Owen examined Plaintiff at the request of the Secretary, he gave no opinion on Plaintiff's ability to work.

Essentially, the statute requires medical evidence of a condition that could reasonably produce the pain alleged and not objective evidence of the pain or its degree. In this regard, the Court notes Dr. Owen's diagnosis of status post laminectomy with *continued probable root compression pain*. The Appeals Council found that Plaintiff's complaints of pain were not credible, however, the standard under which this finding was made was never identified. The ALJ's finding that "[t]he objective medical evidence of record precludes the according of credibility to the claimant's allegations of pain and discomfort" is obviously improper under the statute.

Finally, on remand the Secretary should determine the necessity of eliciting expert vocational testimony due to the presence of nonexertional impairments. Although it is not entirely clear from his decision, the ALJ apparently found that Plaintiff's pulmonary disease constituted both an exertional and nonexertional impairment. The Appeals Council made no findings on this issue. In any event, the Secretary is reminded that the presence of nonexertional impairments precludes reliance on the grid rules in Appendix 2 to direct a finding of "not disabled" and instead requires the testimony of a vocational expert. *See Grant v. Schweiker*, 699 F.2d 189 (4th Cir.1983).

In accordance with the opinions expressed herein, Defendant's motion for summary judgment is denied, Plaintiff's motion for summary judgment is granted to the extent that it requests a finding of disability for the period of August 28, 1980, to September 1, 1982, and the case is remanded for further proceedings on the issue of Plaintiff's disability subsequent to September 1, 1982.

The Clerk is directed to retire this action to the Court's inactive docket while on remand and to send a certified copy of this Memorandum Opinion and Order to counsel of record.