Genevieve SZWANDROK, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. 86 C 6507.

United States District Court,
N.D. Illinois, E.D.

April 28, 1987.

Frank J. Giampoli, Self & Giampoli, Ltd., Aurora, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty. by Nancy K. Needles, Asst. U.S. Atty., Donna Morros Weinstein, Chief Counsel, Region V, Donald Zimmerman, Asst. Regional Counsel, Dept. of Health and Human Services, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

This order concerns plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, plaintiff's motion for summary judgment is denied, and plaintiff's alternative request for remand of this case for further hearing before an Administrative Law Judge is denied.

### I. FACTS

Plaintiff, Genevieve Szwandrok, is a 55-year-old woman who filed applications for disability insurance benefits, supplemental security income, and widows' insurance benefits on October 16, 1984 with the Department of Health and Human Services, Social Security Administration. The applications claim that plaintiff became disabled on June 24, 1984 due to fibromyalgia (muscle inflammation and pain) and degenerative disk disease (arthritis). Benefits were denied at two levels of review in the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ") which was held on March 5, 1986. The ALJ found plaintiff capable of medium work activity and therefore not disabled according to the Medical Vocational Guidelines. 20 C.F.R. Part 404, Subpart P, App. 2, Table 3. The ALJ rejected the plaintiff's complaints about disabling pain expressing reservations concerning the plaintiff's credibility and noting that plaintiff presented no objective medical evidence establishing pain. The Appeals Council affirmed the ALJ's decision on July 1, 1986. Consequently, plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision by the Secretary of Health and Human Services (Secretary).

### II. DISCUSSION

Jurisdiction to consider plaintiff's claim is conferred by 42 U.S.C. § 405(g). This

statute accords power to the district court to review the pleadings and transcript of the record and decide whether the Secretary's decision should be affirmed, modified or reversed. The district court is not limited to entering judgment of reversal, modification or affirmance in such cases as it is always within the power of the court to "order additional evidence to be taken before the Secretary." 42 U.S.C. § 405(g). Plaintiff's motion for summary judgment asks this court to reverse the Secretary's determination denying benefits and order the Secretary to provide plaintiff with disability insurance benefits, supplemental security income and widows' insurance benefits. In the alternative, plaintiff requests remand of this case to the Secretary for a new hearing in light of additional material evidence.

Plaintiff first takes the position that the ALJ's findings do not support the determination that plaintiff is capable of performing medium work.[1] Plaintiff contends that the ALJ's determination is inconsistent with the medical evidence presented by plaintiff and the plaintiff's testimony concerning pain. As a result, plaintiff argues that the ALJ's decision concerning disability is not supported by substantial evidence as required by 42 U.S.C. § 405(g).

■ The responsibility for determining the residual functional capacity of benefit applicants rests with the ALJ when a case reaches the ALJ hearing level. 20 C.F.R. § 404.1546. Residual functional capacity reflects an applicant's abilities despite limitations. 20 C.F.R. § 404.1545. ALJ decisions concerning residual capacity must be affirmed on review if supported by substantial evidence. 42 U.S.C. § 405(g); *Davis v. Califano*, 603 F.2d 618, 625 (7th Cir.1979). Substantial evidence is that which a reasonable mind might accept to support a conclusion. *Taylor v. Schweiker*, 739 F.2d 1240, 1241 (7th Cir.1984). Pain can be a factor in determining residual functional capacity. 20 C.F.R. § 404.1545. However, an ALJ may consider pain only if

medical evidence demonstrates its cause. 42 U.S.C. § 423(d)(5)(A); *Sparks v. Bowen*, 807 F.2d 616, 617 (7th Cir.1986).

■ Plaintiff contends that the ALJ did not properly consider evidence of plaintiff's pain. First, plaintiff alleges that the ALJ improperly rejected objective medical evidence of physical conditions producing disabling pain. However, the ALJ considered X-rays and a CT scan showing slight degeneration of plaintiff's lumbosacral spine and left shoulder but dismissed these conditions as a cause of pain because plaintiff's physicians' examinations revealed no significant limitation of any joints other than the lumbosacral spine and knees. The medical reports showed no reflex abnormalities or edema existed and both gait and ambulation were normal. Moreover, the reports state that plaintiff could perform fine and gross manipulations with both hands. The ALJ is the proper authority to resolve conflicts of medical evidence and the court is not free to reweigh disputed medical evidence *de novo*. *Strunk v. Heckler*, 732 F.2d 1357, 1364 (7th Cir.1984). As such, the ALJ's rejection of the objective medical evidence as not demonstrating a cause of pain was proper and the court cannot overrule such a determination.

■ Plaintiff also alleges that the ALJ improperly rejected her physicians' diagnosis of fibromyalgia as the cause of pain. However, the ALJ stated that the plaintiff bordered on not having a medically determinable impairment because her physicians based the diagnosis of fibromyalgia solely on plaintiff's complaints about pain. The ALJ rejected the diagnosis finding the plaintiff's testimony concerning pain lacked credibility. The ALJ's assessment of plaintiff's credibility concerning pain must stand unless it is patently erroneous. *Imani v. Heckler*, 797 F.2d 508, 512 (7th Cir.1986). Examining the record, this court cannot say that the ALJ's assessment of plaintiff's credibility was patently erroneous. The record shows that plaintiff was inconsist-

1. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, that person is also determined to be capable of sedentary and light work. 20 C.F.R. § 404.1567(c).

**850**

ent about the source of pain, and that plaintiff's testimony about her activities did not comport with complaints about disabling pain. Consequently, the ALJ's rejection of pain as a factor in determining plaintiff's residual functional capacity is affirmed since the ALJ properly determined that no medical evidence demonstrated the cause of plaintiff's pain.

■ This court, having found the ALJ properly considered plaintiff's evidence of pain, must also affirm the ALJ's medium work determination. State agency physicians reviewed the medical evidence and reported that plaintiff retained the residual functional capacity to perform medium work which was not complex or technical. These physicians determined that plaintiff could occasionally lift 50 pounds and frequently lift 25 pounds. Further, they stated that plaintiff could sit, stoop, stand, climb, and handle objects within the medium range of work. The ALJ relied on the opinions of the state agency experts in finding plaintiff capable of medium work. Balancing the medical evidence presented by plaintiff against the state agency physicians' opinions, it was reasonable for the ALJ to determine that plaintiff could perform medium work despite experiencing some discomfort. Consequently, the court finds that substantial evidence supported the ALJ's medium work determination.

■ Finally, plaintiff raises two secondary issues which this court must address. First, plaintiff asserts that a state agency vocational assessment indicating she could not return to her previous work shifted the burden to the Secretary to show alternative work plaintiff could perform. This court disagrees. The ALJ is not bound by the state agency's prior decision since the ALJ is responsible for making a new determination of residual functional capacity at the administrative hearing level. 20 C.F.R. § 404.1546. Regardless, the ALJ's use of the Medical-Vocational Grid fulfilled any requirement to show plaintiff could be gainfully employed. The grid incorporates the factors to be considered when the burden to show alternative work shifts to the Secretary. 42 U.S.C.

§ 423(d)(2)(A); *Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 528 (6th Cir.1981).

■ Plaintiff also requests that remand be ordered so that new evidence can be presented. However, a reviewing court may order the Secretary to take new evidence only where the plaintiff has shown the new evidence to be material and has demonstrated good cause for his failure to previously present it. 42 U.S.C. § 405(g). *Czubala v. Heckler,* 574 F.Supp. 890, 897 (N.D.Ind.1983). Here, plaintiff has not met this burden since plaintiff does not explain the nature of the new evidence or why it was not presented before. Consequently, the court rejects plaintiff's request for remand to consider new evidence.

### III. CONCLUSION

For the reasons stated above, this court denies plaintiff's motion for summary judgment and plaintiff's alternative motion for remand for further hearing.

IT IS SO ORDERED.