James W. MARTIN, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

No. L 84–128.

United States District Court,
N.D. Indiana,
Hammond Division.

Feb. 26, 1987.

Ralph L. Robinson, Lafayette, Ind., for plaintiff.

David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On September 12, 1985, the court referred this case to Magistrate Robin D. Pierce with instructions to review the record and submit a report and his recommendations, under authority of 28 U.S.C. § 636(b)(1)(B). Pursuant to these instructions the Magistrate filed a Report and Recommendation on November 24, 1985, indicating the necessity of filing objections within ten days under *Thomas v. Arn,* —— U.S. ——, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), and *Video Views, Inc. v. Studio 21 Ltd.,* 797 F.2d 538 (7th Cir.1986). The defendant received a final extension to January 10, 1987, and subsequently filed objections on January 12, 1987.

The defendant has asserted that the record contains substantial evidence to support the finding that the claimant's impairment was not severe, and that in any event, the plaintiff failed to sustain his initial burden of establishing a *prima facie* case of inability to return to his former work of farming. The defendant further objected that the Magistrate erred in recommending that the plaintiff's new evidence be considered on remand. The defendant argued primarily that the issues related to pain, credibility, medical evidence, and the cumulative nature of additional evidence were all properly supported by the record.

In reviewing the record, the Magistrate noted that the plaintiff was born on August 28, 1939, has an eighth grade education, has worked as a draw bench and saw operator, has done some carpentry as well as some cement and ditch work, but has chiefly been a farmer for the past fifteen years. The plaintiff's left arm was amputated from a 1963 car accident. Al-

though he continued to farm after that time, beginning in 1980 the record shows a history of heart ailments and related chest pain, hospitalization, and surgery. With the onset of his heart problems, the plaintiff, upon the direction of his doctor, discontinued work and sold his farm.

Despite his heart condition and the absence of his left arm, the Administrative Law Judge (ALJ) found as follows:

1. The claimant met the disability insured status requirements of the Act on November 25, 1980, the date the claimant stated he became unable to work, and continues to meet them through December 31, 1986.

2. The claimant has not engaged in substantial gainful activity since November 25, 1980.

3. The claimant has the following impairment(s): heart condition with chest pain and he has had his left arm amputated in 1963.

4. The claimant's subjective complaints, including pain, are not supported by the objective medical evidence to the extent of confirming a severe impairment under the Act.

5. The claimant does not have any impairment or impairments which significantly limit his ability to perform basic work-related activities including his work as a farmer which he did from 1956 (except for a period in military service) until he terminated work in 1980; therefore, the claimant does not have a severe impairment (20 CFR 404.1521).

6. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(c)).

■ The court agrees with the Magistrate that the plaintiff has established a *prima facie* case that is sufficient to shift the burden of production to the Secretary, and to preclude a two-step denial of disability under *Johnson v. Heckler*, 769 F.2d 1202 (7th Cir.1985).

Medical evidence of record indicated that the plaintiff's family physician, Dr. Grayson Davis, hospitalized Mr. Martin from November 25, 1980 to December 9, 1980, having suspected a heart attack. A report completed by Dr. J.J. Deur during this time, noted that Mr. Martin's brother had coronary disease and that his father died of a heart attack. Dr. Deur's tests indicated no dyspnea or diaphoresis, pedal edema, pleurtic chest pain, chronic cough, heart burn or dyspepsia, nor history of any melena or icterus. Plaintiff's blood pressure registered 140/80; the tone, intensity, and size of his heart were normal; the rhythm was regular, and there were no significant murmurs, nor paracardial friction rub. The report indicated, however, that the plaintiff had been awakened by very severe pain. Suspecting myocardial infarction, Dr. Deur ordered more tests. From a series of tracings, the doctor found progressive T-wave inversions in leads I, AVL indicting the presence of anterolateral myocardial damage which was apparently acute in origin (Tr. 130). His final diagnosis upon discharge was acute anterolateral infarction.

Again in June of 1981, the plaintiff was hospitalized due to episodes of chest pain. He underwent cardiac catheterization and a coronary angiography study, which indicated his right coronary artery as the dominant vessel. There was a 30% narrowing of the proximal right coronary artery and a 40–50% narrowing of the midright coronary artery. The left coronary artery of the main trunk was normal. There was a 30% lesion in the proximal anterior descending and a 60–70% narrowing at the junction at the proximal ⅓ and the mid ⅓ of the LAD, beyond the first major septal perforator. Examination of the circumflex showed only minor lesion, while examination of the left ventricle showed a mild loss of contractility at the inferior segment, with the overall function of the left ventricle essentially normal. The plaintiff's discharging physician, Dr. MacLellan, concluded that Mr. Martin suffered from arteriosclerotic heart disease, functional class III with angina pectoris and remote myocardial infarction.

He was given nitroglycerin for his angina, restricted from physical activity, and instructed not to do any lifting and not to lift over 50 pounds, perform heaving pushing, pulling, or any other strenuous physical activity. It was concluded that if the plaintiff continued to have intractable angina, possible coronary surgery would be considered, despite the fact that the patient was not considered ideal for a bypass operation. Dr. MacLellan observed that due to the smallness of a particular lumen vessel, grafting might not be suitable. The record does not support the ALJ's interpretation of Dr. MacLellan's report as stating that the claimant's heart condition was not severe enough to justify grafting or other surgery (Tr. 9).

On May 3, 1983, Dr. Davis completed a questionnaire in which he indicated that he most recently examined Mr. Martin on April 25, 1983. He noted a 1979 diagnosis of arteriosclerotic heart disease, a myocardial infarction on November 25, 1980, and bradycardia with angina in 1981. He found dyspnea, rhythm disturbance, fatigue, and chest pain to be present. He noted that the patient had chest pain of cardiac origin, described as squeezing and sharp. He described plaintiff's left arm as a stump too short to effectively use prosthesis, and found that Mr. Martin could not work now or probably ever.

A similar questionnaire completed by Dr. Richard A. Taylor from a July 17, 1983 examination, indicated coronary artery disease since November 1980, with chronic angina since that time. He also reported that Mr. Martin experienced fatigue as well as crushing, squeezing chest pain of a cardiac origin.

The plaintiff stated at his hearing that he was unable to farm because it often required the use of both hands; that he also sometimes had trouble with his right arm; and that jarring causes him pain. He described his pain as radiating to his neck, shoulder, left leg and thigh, and as accompanied by heart palpitations. He indicated that he experienced pain after one hour of activity and also has difficulty breathing.

Dr. Morton E. Tavel, an administrative consultant, examined the claimant on May 26, 1983. He stated that chest x-rays and a Chem-12 disclosed no abnormal findings, and that an electrocardiogram was also within normal limits. The doctor concluded that the claimant would have no significant limitation of activity from a cardiac standpoint, that Mr. Martin's treadmill performance approximated very heavy labor, and that farming should not be inordinately demanding, despite the absence of his left arm. In an addendum, the doctor noted apparent chest pain which he considered non-anginal in nature, with the possibility of coronary spasm not to be excluded.

The defendant objected to consideration of a report by Dr. S.H. Kliman, the plaintiff's attending physician, which is dated July 18, 1985. This report indicated 50% mid LAD stenosis, 50-60% proximal left circumflex stenosis, 50% proximal 1st obtuse marginal stenosis with ectatic regions of the coronary arteries appearing in all three vessels, minimal hypokinesis with overall normal left ventricular ejection fraction, and normal left heart hemodynamics. The court agrees with the Magistrate that on remand this report should be considered, as well as any new evidence, such as the plaintiff's present age, and subsequent reports or hospitalizations.

Having reviewed the defendant's objections and the record as a whole, the court accepts the Magistrate's report and adopts his recommendations. Additionally, the court directs that on remand, the defendant should take care to properly consider the disabling effects of the plaintiff's pain. Referring to Mr. Martin's pain and subjective complaints, the ALJ stated:

> An applicant will never be found disabled based upon his symptoms unless medical signs or findings show that there is a medical condition that could reasonably be expected to produce the symptoms. The objective medical evidence in this case does not, in the opinion of the undersigned, corroborate the claimant's testimony concerning the severity or the effects of his symptoms of chest pain.

His allegations of chest pain therefore do not contribute to the confirmation of a severe cardiac impairment under the Act.

These conclusory statements do not represent the minimal level of articulation that is required when the claimant provides considerable evidence to counter the agency's position, *Look v. Heckler,* 775 F.2d 192 (7th Cir.1985). Mr. Martin's record contains considerable medical testimony that he suffers from pain of a cardiac origin, and little if any evidence to refute such pain or to cast doubt on Mr. Martin's credibility. Furthermore, substantial evidence does not support a conclusion that the plaintiff's impairments could not produce his symptoms of pain. See *Pearson v. Bowen,* 648 F.Supp. 782 (N.D.Ill., E.D.1986), *D'Agostino v. Bowen,* 648 F.Supp. 794 (N.D.Ill., E.D.1986). A claimant need only show that his condition could reasonably be expected to produce the pain complained of, *Sparks v. Bowen,* 807 F.2d 616 (7th Cir.1986), S.Rep. No. 98–466, 98th Cong., 2d Sess. 24 (1984), 42 U.S.C. § 423(d)(5)(A).

The record in this case strongly suggests that a proper consideration of the plaintiff's pain and other non-exertional complaints, together with his heart condition and amputation, should lead to the conclusion that he cannot return to his former work of farming.

It is, therefore, ordered that this case be REMANDED to the Secretary for the purpose of conducting a new hearing, receiving new evidence, and making fresh findings consistent with the Report and Recommendations of the Magistrate and with this Order.

SO ORDERED.