**Brice A. BAKER, Plaintiff,**

**v.**

**Otis BOWEN, Secretary of Health and Human Services, Defendant.**

**No. S 87–207.**

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 29, 1988.

Lawrence J. Clifford, Susan A. Horn, South Bend, Ind., for plaintiff.

Clifford Johnson, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

The matter before the court is an action brought pursuant to 42 U.S.C. § 405(g) for judicial review of the Secretary's final decision denying the plaintiff's claim for Social Security disability benefits, 42 U.S.C. §§ 416(i), 423, and for Supplemental Security Income benefits, 42 U.S.C. §§ 1382, 1383 *et seq..* The plaintiff, Brice Baker, filed applications for disability benefits and for supplemental income on or about November 18, 1985, alleging a disability onset date of October 28, 1985, apparently as having resulted from removal of parts of the liver, bowel, stomach and spleen some ten years earlier. His applications were denied initially and on reconsideration. A hearing was held June 12, 1986, before Administrative Law Judge (ALJ) Frederick Graf, at which the claimant was represented by counsel. On August 20, 1986, the ALJ issued a decision denying benefits on the basis of the following findings:

1. The claimant met the disability insured status requirements of the Act

on October 28, 1985, the date the claimant stated he became unable to work, and continues to meet them through December 31, 1987.

2. The claimant has not engaged in substantial gainful activity since October 28, 1985.

3. The medical evidence establishes that the claimant has severe abdominal pain of uncertain etiology, recurring jaundice, and possible recurring bile duct obstruction, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

4. The testimony regarding the claimant's symptoms and limitation of function seemed exaggerated, was not well supported by the medical evidence, and was less than fully credible.

5. The claimant has the residual functional capacity to perform work-related activities except for work involving lifting and carrying weights exceeding approximately 50 pounds (20 CFR 404.1545 and 416.945).

6. The claimant's past relevant work as automobile repairer, truck driver, and certain positions as machine operator did not require the performance of work-related activities precluded by the above limitation(s) (20 CFR 404.1565 and 416.965).

7. The claimant's impairments do not prevent the claimant from performing his past relevant work.

8. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR 404.-1520(e) and 416.920(e)).

The Appeals Council affirmed the ALJ's decision on February 4, 1987, whereby it became the final decision of the Secretary. The plaintiff then complained to this court on April 9, 1987, requesting review. Both sides have filed motions for summary judgment with supportive memoranda, and therefore, the matter is ripe for a decision.

I.

The plaintiff was, at the time of his hearing, thirty-nine years of age. He completed school through the sixth grade and his past employment included doing repairs, truck driving, and operating machinery. In 1975 the plaintiff was seriously injured, having fallen from an irrigation tower. As a result of medical repairs made at that time, surgical clips remain scattered throughout his abdomen. For about nine years after his fall, however, up until November of 1985, Mr. Baker was employed in some of the above-mentioned capacities. The central issue in this case is whether substantial evidence supports the ALJ's conclusion that the plaintiff's impairments do not prevent him from performing his past relevant work. Resolution of this issue will involve an examination of the ALJ's treatment of pain, medical evidence, and residual functional capacity to engage in basic work activities. See, *e.g., Bauzo v. Bowen,* 803 F.2d 917 (7th Cir.1986).

The Social Security Act provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (1983); *Walker v. Bowen,* 834 F.2d 635, 639 (7th Cir.1987); *Burnett v. Bowen,* 830 F.2d 731, 734 (7th Cir.1987). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938); *Sears v. Bowen,* 840 F.2d 394, 398 (7th Cir.1988); *Bauzo v. Bowen,* 803 F.2d 917, 923 (7th Cir.1986). A search for substantial evidence must take into account "whatever in the record fairly detracts from its weight." *Sears v. Bowen,* 840 F.2d 394, 398 (7th Cir.1988), *quoting Bauzo v. Bowen,* 803 F.2d 917, 923 (7th Cir.1986). In reviewing the decision of an ALJ which has become the final decision of the Secretary, this court is obliged to review the entire record and all evidence therein, but must accept the ALJ's findings

if supported by substantial evidence. *Meredith v. Bowen*, 833 F.2d 650, 653 (7th Cir.1987); *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir.1987) (per curiam). Although substantial evidence means more than a mere scintilla, *Richardson*, at 401, 91 S.Ct. at 1427, it is "something less than the weight of the evidence." *Delgado v. Bowen*, 782 F.2d 79 (7th Cir.1986), quoting *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026–27, 16 L.Ed.2d 131 (1966).

■ Thus, the question presented for review is not whether the claimant is disabled, but rather whether the ALJ's finding of non-disability is supported by substantial evidence in the record. *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987). This court does not decide the facts anew, reweigh evidence, or substitute its own judgment for that of the ALJ. *Meredith v. Bowen*, 833 F.2d 650, 653 (7th Cir.1987); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir.1984). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, it is for the Secretary or the Secretary's designate to resolve the conflict. *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987); *Delgado v. Bowen*, 782 F.2d 79, 82–83 (7th Cir.1986); *Stephens v. Heckler*, 766 F.2d 284, 287–88 (7th Cir.1985).

■ In determining whether or not a claimant is disabled, the Secretary has adopted a five-step sequential evaluation process, which has been summarized as the following inquiry:

(1) Is the claimant presently unemployed?

(2) Is the claimant's impairment "severe"?

(3) Does the impairment meet or exceed one of a list of specific impairments?

(4) Is the claimant unable to perform his or her former occupation?

(5) Is the claimant unable to perform any other work in the national economy?

An affirmative answer leads either to the next step, or on steps (3) and (5) to a finding that the claimant is disabled. A negative answer at any point other than at step (3) will lead to a finding that the claimant is not disabled. 20 C.F.R. § 404.1520. See, *e.g.*, *Veal v. Bowen*, 833 F.2d 693, 695 n. 2 (7th Cir.1987). This case was decided at step (4) of the process. See, 20 C.F.R. §§ 404.1520(e), 416.920(e). Having determined that the plaintiff could perform his past work, benefits were denied. At this step of the evaluation, the burden of proof remains with the plaintiff. *Sears v. Bowen*, 840 F.2d 394 (7th Cir.1988). Where a claimant's disability is severe, substantial evidence will still be found to support a finding of not disabled, where the impairment has not prevented the claimant from working in the past, unless other combinations of impairments tend to disable him from work. *Sears v. Bowen*, 840 F.2d 394, 398–99 (7th Cir.1988).

## II.

The plaintiff here contends, first that the ALJ used an incorrect legal standard for evaluating the plaintiff's pain. Pursuant to the Social Security Disability Reform Act of 1984, 42 U.S.C. § 423(d)(5)(A), the standard for evaluation of pain is as follows:

"An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability ...; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence ..., would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques ... must be considered in reaching a conclusion as to whether the individual is under a disability."

*Id.; Meredith v. Bowen*, 833 F.2d 650, 654 (7th Cir.1987).

■ Although objective evidence of pain must be considered by an ALJ in determin-

ing whether an individual is disabled, such evidence does not mandate a finding of disability, and in this respect, the court may not substitute its judgment for that of the ALJ if substantial evidence supports his or her conclusion that the plaintiff's pain is not disabling. *Meredith v. Bowen,* 833 F.2d 650, 654 (7th Cir. Nov. 9, 1987), citing *Garfield v. Schweiker,* 732 F.2d 605, 610 (7th Cir.1984).

█ In reviewing the evidence of record, the ALJ acknowledged that the plaintiff is impaired by "abdominal pain of uncertain etiology, recurring jaundice, and possible recurring bile duct obstruction, which significantly limit his ability to perform the basic work-related functions of lifting and carrying heavy weights." From this he concluded that the claimant had a severe impairment with respect to step (2) of the sequential evaluation. He also found that the plaintiff had no combination of impairments medically equivalent to the listing. Noting that a determination could not be made on work activity or medical evidence alone, the ALJ proceeded to consider whether the plaintiff's impairments would prevent him from performing his past relevant work.

At this point in his analysis, the ALJ observed that the plaintiff's last job as a machine operator required lifting of weights up to 150–200 pounds. He left that job due to exertional incapacities. Previous work as a press operator required lifting up to 20 pounds, and loom fixing had required lifting up to 10 pounds. Additional prior employment included service station attending and truck driving. His truck driving did not require loading and unloading.

In reviewing the plaintiff's subjective symptoms of pain, the ALJ indicated that Mr. Baker complained of continuous pain varying from dull to sharp in his right side and running from his ribs to the small of the back. The onset of the pain was four years ago, and the claimant is on medication for it. The plaintiff claimed that due to pain he can walk a block at times, but other times cannot get out of bed for two or three days. He stated that he has occa-

sional headaches and is frequently dizzy and weak. Additional problems included bloating, jaundice, bouts with hepatitis, severe diarrhea, and eating disturbances. Mr. Baker indicated difficulties with sitting, lifting, bending and stooping, as well as hearing loss, shortness of breath and weakness in the right hand.

The ALJ's decision also provided a thorough review of the plaintiff's activities, the medical evidence of record, and the testimony. Upon this review the ALJ concluded that

although the claimant has abnormalities which could be expected to produce the kind of pain that the claimant complains of, that evidence does not indicate that his symptoms of pain, dizziness, weakness, and other symptoms should be as severe as the claimant alleges, nor should his limitation of function be as severe as he alleged.

The ALJ then pointed out several bases from the record for specifically concluding that the plaintiff's claims were exaggerated, and less than fully credible.

It is argued that *Sparks v. Bowen,* 807 F.2d 616 (7th Cir.1986), *Martin v. Bowen,* 654 F.Supp. 163 (N.D.Ind.1987); and *Pearson v. Bowen,* 648 F.Supp. 782 (N.D.Ill. 1986), support a remand on the basis of improper consideration of the plaintiff's pain. Those cases are distinguishable. In *Sparks* the ALJ expressly found the claimant credible, but denied benefits because she could not prove the cause of her pain. The case was remanded to consider whether her condition could reasonably be expected to produce her symptoms, because neither the ALJ nor the court had addressed that aspect. Here, the ALJ reviewed the relevant evidence and made specific findings with respect to credibility and severity of pain, which were reasonably supported from the record. *Martin* and *Pearson* were remanded for insufficient articulation or insufficiency of substantial evidence to support the findings. Here, the record supports the findings, and the ALJ provided a more than adequate articulation of the record and of his reasoning.

The plaintiff also argued that the ALJ failed to properly evaluate the medical evidence, especially the evidence provided by the plaintiff's treating physician, Dr. Donald Minter. Having carefully examined the record itself and the ALJ's review of the medical evidence, the court finds both adequate articulation of and substantial support for the decision. (See, *e.g. Wright v. Bowen*, 671 F.Supp. 575, 579–580 (N.D.Ind. 1987) and cases cited therein.) The ALJ's review of medical evidence here includes, in addition to the evidence submitted by Dr. Minter, the reports of Dr. O'Dea, another treating physician specializing in gastroenterology, Dr. Magnuson, another gastroenterologist who examined the plaintiff, and agency physicians who based reports on a review of the medical evidence. The record taken as a whole is sufficient to support the findings of the ALJ.

■ As a final matter, the plaintiff argued that his usage of Librium and other drugs is objective evidence of pain and that the ALJ failed to properly consider the effects of his medication on the ability to work, citing as authority *Schmoll v. Harris*, 636 F.2d 1146 (7th Cir.1980). In that case it was found that the record did not support a specific finding that the use of Librium would have no effect on the claimant's ability to engage in substantial gainful employment. The plaintiff was not represented by counsel in the early stages, and was taking Librium in high dosages over an extended period of time. The holding in *Schmoll* was on the facts and findings of that case. "The court did not hold that an ALJ has a duty to make specific findings concerning the side effects of prescription drugs." *Nelson v. Secretary*, 770 F.2d 682, 685 (7th Cir.1985).

Having found that substantial evidence supports the ALJ's decision in this case, the plaintiff's Motion for Summary Judgment is DENIED, and the defendant's Motion for Summary Judgment is GRANTED. The final decision of the Secretary is AFFIRMED. SO ORDERED.