**Dorothy SPARKS, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 85–2525.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 1986.

Decided Dec. 8, 1986.

Robert C. Rosenfeld, South Bend, Ind., for plaintiff-appellant.

James G. Richmond, Asst. U.S. Atty., U.S. Atty.'s Office, Hammond, Ind., for defendant-appellee.

Before POSNER and EASTERBROOK, Circuit Judges, and PELL, Senior Circuit Judge.

EASTERBROOK, Circuit Judge.

Dorothy Sparks has a heart condition, which causes her pain. She seeks disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) and 423(d). The medical evidence about the nature of her heart condition and the restrictions it imposes on her activities is conflicting. If only objective medical evidence were at stake, there would be substantial evidence for the administrative decision to deny her request for benefits. See *Garrison v. Heckler*, 765 F.2d 710 (7th Cir.1985). But Sparks also testified that she was in substantial pain and fatigued quickly; pain and fatigue as-

sociated with a medically ascertainable cause may disable a person for purposes of the Act. A statute passed in 1984, and applicable to this case (which was pending at the time), states that pain and related symptoms may be considered if medical evidence shows "the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged". 42 U.S.C. § 423(d)(5)(A). See also *Nelson v. Secretary*, 770 F.2d 682, 685 (7th Cir.1985).

Sparks, a 60–year-old obese former nurse's aide, has had high blood pressure for at least 20 years. This has been controlled by medication. She stopped working in 1982, complaining of pain and fatigue. Extensive testing revealed a small hiatus hernia and some anomalous heart rhythms. Her heart skips beats and changes speeds from time to time. Electrocardiograms confirm some arrhythmia (irregular beating) and tachycardia (intermittent rapid beating), but the physicians did not identify the cause of these. There is no evidence that Sparks suffered a myocardial infarction (heart attack) or has coronary artery disease. But there is some medical evidence that pain could be an offshoot of arrhythmia and tachycardia.

The administrative law judge's opinion is stuffed with medical jargon that sent us scurrying to the dictionaries. We learn, for example, that during one electrocardiogram Sparks "had a rare premature atrial complex episode of supraventricular tachycardia, occasional to frequent multiform ventricular complexes and non-specific ST segment changes." Another physician reported that Sparks "possessed non-specific ST–T wave changes, arterial ectopy and ventricular ectopy." The ALJ found that her "subjective complaints, including those of pain and discomfort, are credible". But he concluded that she had not demonstrated that her pain had a physiological cause, which 20 C.F.R. § 404.1529 and 42 U.S.C. § 423(d)(5)(A) require. See *Duncan v. Secretary*, 801 F.2d 847, 852–53 (6th Cir.1986);

*Avery v. Secretary*, 797 F.2d 19, 20–21 (1st Cir.1986). The opinion states:

In regards to the claimant's heart condition, she has simply failed to produce objective and clinical evidence of a severe impairment.... Various chest x-rays revealed no abnormalities. An EKG noted just minor changes. Dr. Hillis performed a cardiac catheterization and disclosed no abnormalities. Dr. Noble stated the claimant has no evidence of organic heart disease. In reviewing the medical records, Dr. Tucker and Dr. Bastnagel evaluated the claimant's heart condition as not being severe. Although the claimant possesses arrhythmia, there is no medical evidence of an apparent cause. According to the Regulations under the Social Security Act, the claimant must present proof of an impairment which results from an anatomical, physiological or psychological abnormality shown by medically acceptable clinical or laboratory diagnostic techniques (Regulation 404.1508) [which incorporates § 404.1529]. In the instant case, the claimant has simply failed to produce such evidence.

In other words, Sparks lost because the medical evidence did not reveal the *cause* of her arrhythmia, tachycardia, and high blood pressure. The ALJ might have found on this record that arrhythmia, tachycardia, and high blood pressure of the sort Sparks possesses do not cause pain or fatigue, but he did not. We must evaluate the reason the ALJ gave. The essential question then becomes whether § 423(d)(5)(A) demands that the claimant prove the etiology of his conditions, or only that he have medically ascertainable conditions that are likely to be associated with symptoms such as pain and fatigue. The Appeals Council and district judge approved the ALJ's decision without considering this question.

■ The new statute requires an "impairment" and a medical cause. Sparks maintains that her impairment is pain and fatigue, which is caused by "abnormalities" within the meaning of the statute—her arrhythmia and tachycardia—that "could rea-

sonably be expected to produce the ... symptoms alleged." The statutory requirement of an impairment linked to an abnormality that could reasonably be expected to cause the symptoms in question does not imply that the claimant must show what caused her abnormality. Cf. *Foster v. Heckler*, 780 F.2d 1125, 1129–30 (4th Cir. 1986); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir.1985). The etiology of many medical conditions is obscure; symptoms are easier to study than are causes. That physicians do not know why a person has a condition does not make that condition any less disabling.

Neither the statute nor the regulation visits claimants with the consequences of shortfalls in medical knowledge, once the impairment is accompanied by objective indicia. No legislative history suggests that § 423(d)(5)(A) is designed to compel claimants to show a medical cause for a medically ascertainable abnormality. The requirement that a claimant show an objectively verifiable abnormality is designed to screen out claims by hypochondriacs and goldbricks. No claim may be allowed without medical evidence showing that the complaint has an ascertainable cause. But once there is evidence of an objectively demonstrated abnormality and either "(1) ... objective medical evidence [confirms] the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition [is] of a severity which can reasonably be expected to give rise to the alleged pain", S.Rep. No. 98–466, 98th Cong., 2d Sess. 24 (1984), the requirement of § 423(d)(5)(A) is fulfilled.

■ Objective medical evidence shows that Sparks has physiological abnormalities of the heart. There is no direct medical evidence to support her claim of pain and fatigue. But if arrhythmia and tachycardia of the sort that afflict Sparks "could reasonably be expected to produce the pain or other symptoms" of which she complains, that will suffice for purposes of § 423(d)(5)(A). *Brown v. Bowen*, 794 F.2d 703, 706 n. 4 (D.C.Cir.1986). The ALJ stopped with his error about the nature of the medical abnormality requirement and did not decide whether Sparks's condition "could reasonably be expected to produce" her pain and exhaustion. The agency should have the opportunity to consider this issue and any other matters that bear on Sparks's entitlement to benefits.

VACATED AND REMANDED.