**Dennis PHILLIPS, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 86 C 8231.**

United States District Court, N.D. Illinois, E.D.

May 18, 1987.

Robert C. Kielian, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty., by Eileen Marutzky, Asst. U.S. Atty., Chicago, Ill., Donna Morros Weinstein, Chief Counsel, Region V, by Michael T. Lamb, Asst. Regional Counsel, Dept. of Health & Human Services, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

This order concerns plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.

## I. FACTS

Plaintiff Dennis Phillips is a 45–year–old man who filed an application for disability insurance benefits on October 12, 1984, with the Department of Health and Human Services, Social Security Administration. The application claims that plaintiff became disabled on April 21, 1984, when plaintiff sustained a hip dislocation, a fractured jaw, and a depressed skull fracture. Plaintiff claims these injuries have limited the use of his left hip due to pain and exacerbated a previously existing hearing impairment.

Benefits were denied at two levels of review in the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ") which was held on May 14, 1985. The ALJ found plaintiff capable of light work[1] and, therefore, not disabled according to the Medical Vocational Guidelines. 20 C.F.R. Part 404, Subpart P, App. 2, Table 2. The ALJ rejected plaintiff's testimony concerning disabling pain noting its lack of persuasiveness and lack of support in the medical evidence of record. The appeals council affirmed the ALJ's decision on September 30, 1986. Consequently, plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision by the Secretary of Health and Human Services (Secretary).

## II. DISCUSSION

Jurisdiction to consider plaintiff's claim is conferred by 42 U.S.C. § 405(g). This statute allows a district court to review the pleadings and transcript of the record in deciding whether the Secretary's decision should be affirmed, modified, or reversed. However, the Secretary's findings as to any fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

---

**1.** Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Jobs in this category involve a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. Capability of light work also means someone can perform sedentary work unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

Substantial evidence is that which a reasonable mind might accept to support a conclusion. *Taylor v. Schweiker*, 739 F.2d 1240, 1241 (7th Cir.1984). Plaintiff's motion for summary judgment asks this court to reverse the Secretary's determination denying benefits and to order the Secretary to pay the plaintiff's disability benefits.

Plaintiff primarily contends that the ALJ's determination of plaintiff being capable of performing light work is not supported by substantial evidence. Specifically, plaintiff claims the ALJ's determination is inconsistent with the medical evidence and the plaintiff's testimony concerning pain. Further, plaintiff claims the ALJ improperly concluded that plaintiff's hearing impairment did not significantly compromise plaintiff's light work capability.

■ The responsibility for determining the residual functional capacity of benefit applicants rests with the ALJ when a case reaches the ALJ hearing level. 20 C.F.R. § 404.1546. Residual functional capacity reflects an applicant's ability despite limitations. 20 C.F.R. § 404.1545. ALJ decisions concerning residual capacity must be affirmed on review if supported by substantial evidence. 42 U.S.C. § 405(g); *Davis v. Califano*, 603 F.2d 618, 625 (7th Cir.1979). Pain can be a factor in determining residual functional capacity. 20 C.F.R. § 404.1545. However, an ALJ may consider pain only if medical evidence demonstrates its cause. 42 U.S.C. § 423(d)(5)(A); *Sparks v. Bowen*, 807 F.2d 616, 617 (7th Cir.1986).

Plaintiff contends that the ALJ did not properly consider evidence of plaintiff's disabling pain. First, plaintiff alleges that the medical evidence precludes the ALJ's determination of light work. According to plaintiff, the treating and consultive physician's reports do not demonstrate that plaintiff can engage in the amount of walking or standing light work involves. However, the medical evidence overwhelmingly supports the ALJ's determination that plaintiff retains the capacity to perform light work. Plaintiff's treating physician declared the open reduction to repair the left hip a success and subsequent X-rays

showed no abnormalities in the hip. Although treating and consultive physicians found some limitation in motion for plaintiff's left hip, the medical reports find the left hip neurologically normal, with normal sensation and motor strength intact. Moreover, a treating physician restricts plaintiff from heavy lifting, climbing, bending, and stooping, but none of the doctors restrict the amount of plaintiff's standing or walking. Consequently, the lack of medical evidence showing disabling pain provides a reasonable basis for the ALJ to conclude plaintiff can perform light work. *Nelson v. Secretary of Health and Human Services*, 770 F.2d 682, 685 (7th Cir. 1985).

Plaintiff also alleges that the ALJ improperly rejected his testimony concerning pain in the left hip. However, the ALJ rejected plaintiff's testimony concerning disabling pain due to a lack of credibility. As such, the rejection of plaintiff's testimony must stand unless the ALJ's assessment of plaintiff's credibility concerning pain is patently erroneous. *Imani v. Heckler*, 797 F.2d 508, 512 (7th Cir.1986). Examining the record, this court cannot say that the ALJ's assessment of plaintiff's credibility was patently erroneous. The record shows that plaintiff did not suffer sleeplessness nor need significant medication due to his alleged pain. Also, plaintiff's claim of limited sitting ability is inconsistent with testimony concerning his driving to Florida on vacation and driving for 40 minutes straight to reach the hearing. Further, the ALJ noted that plaintiff was able to sit for over an hour at the hearing without apparent distress. Consequently, the ALJ properly excluded pain as a factor in determination of plaintiff's residual functional capacity since no medical evidence showed the pain's cause and the ALJ properly rejected plaintiff's subjective complaints about pain.

Plaintiff further alleges that his hearing impairment significantly compromises his light work capacity. However, an ALJ need only provide some kind of reliable evidence that would persuade a reasonable person that a nonexertional limitation does not significantly diminish employment op-

portunities otherwise available. *Warmoth v. Bowen,* 798 F.2d 1109, 1112 (7th Cir. 1986). Here, the ALJ more than met the reliable evidence requirement by using a vocational expert who testified that most jobs available to plaintiff would not be precluded by his hearing impairment. Further, a consulting physician described plaintiff's hearing as reasonably serviceable and plaintiff did not demonstrate any difficulty during the hearing. As such, the ALJ could properly reject other examining physician's reports of hearing problems since the ALJ is the proper authority to resolve conflicts of medical evidence and the court is not free to reweigh disputed medical evidence *de novo. Strunk v. Heckler,* 732 F.2d 1357, 1364 (7th Cir.1984). As a result, the ALJ had a reasonable basis on which to find the range of light work was not significantly compromised by plaintiff's hearing impairment.

This court, having found the ALJ properly considered plaintiff's evidence of pain and hearing impairment, must also affirm the ALJ's light work determination. State agency physicians reviewed the medical evidence and reported that physicians determined that plaintiff could occasionally lift 50 pounds and frequently lift 25 pounds. Further, they stated that plaintiff could sit and stand for about six hours per day and put no restriction on climbing, stooping, and kneeling. However, the ALJ did not fully accept the state agency findings since they would have required a determination of medium work. Instead, the ALJ incorporated the medical reports of the treating and consulting physicians and made an independent determination of light work.[2] Balancing all of the medical opinions presented in this case, it was reasonable for the ALJ to conclude that plaintiff could perform light work. Consequently, this court finds that substantial evidence supported the ALJ's light work determination.

Finally, plaintiff raises an ancillary issue which this court must address.

Plaintiff claims that the Secretary did not meet his burden to establish that there was work in the national economy which plaintiff could perform besides his previous work. However, the ALJ's use of the Medical-Vocational Grid fulfilled the burden to show plaintiff could be gainfully employed. *Cummins v. Schweiker,* 670 F.2d 81, 83 (7th Cir.1982). The grid incorporates the factors to be considered when the burden to show alternative work shifts to the Secretary. 42 U.S.C. § 423(d)(2)(A); *Kirk v. Secretary of Health & Human Services,* 667 F.2d 524, 528 (6th Cir.1981).

### III. CONCLUSION

For the reasons stated above, this court denies plaintiff's motion for summary judgment and grants defendant's motion for summary judgment.

IT IS SO ORDERED.

---

**2.** These reports recognized plaintiff had lost some motion in his hip and could not engage in heavy lifting, stooping or climbing.