William R. JACKSON, Appellee,

v.

Otis R. BOWEN, M.D., Appellant.

No. 88–2055.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1988.

Decided May 1, 1989.

Jamie G. Crawford, Kansas City, Mo., for appellant.

Joan H. Deans, Kansas City, Mo., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and HARPER,* District Judge.

BEAM, Circuit Judge.

The Secretary appeals the district court's reversal of the Secretary's denial of William Jackson's application for Social Security benefits. On October 10, 1984, Jackson filed for disability benefits, which were subsequently denied. On February 26, 1987, after another hearing, the administrative law judge (ALJ) found that Jackson retained the residual functional capacity to perform his former clerical work and thus was not disabled. The district court reversed. We affirm.

## I. BACKGROUND

In 1983, Jackson was treated for perennial nasal allergies by Dr. Stephen A. Leslie, who noted that one of Jackson's major complaints was fatigue, probably resulting from psychological stress. Several other doctors examined Jackson after that time and concluded that he had personality and conversion disorders, and that he suffered from weakness of neuromuscular origin which could not be specifically diagnosed but was equivalent to severe muscular dystrophy. Jackson was prescribed medication to increase his strength but continued to complain of weakness. No treatment was recommended by doctors for his condition.

Jackson has an associate degree in science and business. He has held numerous jobs in the past, including a clerical position for the Department of Labor. At his administrative hearing, Jackson testified that while working at his last job as a telephone solicitor, he was limited to working three to four hours per night because of his fatigue. He also testified that he is able to perform minimal housework, run some errands, volunteer at his church once or twice a week, and exercise by walking for fifteen to twenty minutes. He further stated that, though he can and does perform these activities, such activities cause him to suffer fatigue and he must rest for a minimum of one to three hours, and occasionally for a full week, to recover from a bout of fatigue.

A vocational expert also testified at the hearing, stating that Jackson's skills were readily transferable and he could perform sedentary work. The expert also testified, however, that if Jackson's testimony of fatigue was completely credible, then there was no work which he could perform.

In his opinion, the ALJ found that the claimant has "a neuromuscular condition with complaints of weakness and fatigue." He held that Jackson's impairments did not meet or equal any of the criteria contained in the Listing of Impairments in Appendix 1 of the Regulations. See 20 C.F.R. pt. 404 subpart p app. 1 (1988). Based on the objective medical evidence, Jackson's testimony about his daily activities, and observation of Jackson at the hearing, the ALJ found that Jackson's complaints of debilitating fatigue were not credible. The ALJ concluded that Jackson had the residual functional capacity to perform a full range of sedentary work activity and, thus, was not under a "disability."

The district court reversed because the ALJ's conclusion that Jackson could perform his past relevant work was not supported by substantial evidence. The court recognized that credibility was the pivotal issue, noting that while the ALJ may reject a claimant's testimony on the basis of cred-

* The HONORABLE ROY W. HARPER, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

ibility, his rejection must be explicit and supported by legitimate reasons for disbelief which are neither arbitrary nor contrary to substantial evidence in the record. The court noted that the objective medical evidence fully supported Jackson's claim of total disability due to muscular weakness and fatigue and that the ALJ failed to point out inconsistencies in the medical testimony as required by *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir.1984). The court concluded that the reasons stated by the ALJ were ambiguous and thus did not meet the *Polaski* standard. The district court reversed the decision of the Secretary and remanded with directions to distribute disability benefits.

## II. DISCUSSION

■ The district court delineated its standard of review by stating that the Secretary's decision is conclusive if supported by substantial evidence. Such a broad-based search of the record for evidence supporting the Secretary's findings is inappropriate when reviewing an administrative decision. *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir.1987) (citations omitted). Rather, the district court's review should be based on whether substantial evidence on the record as a whole supports the Secretary's decision. A notable difference exists between "substantial evidence" and "substantial evidence on the record as a whole":

"Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis. In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Thus, the court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory.

*Id.* (citations omitted).

■ Although the district court applied the more lenient standard of review, the court nonetheless determined that the ALJ's decision was *not* supported by sub-

stantial evidence. Applying the proper standard of "substantial evidence on the record as a whole," we have considered the weight of the evidence relied on by the ALJ, and balanced that evidence against the overwhelming contradictory evidence that Jackson suffers from a disabling condition. We derive from the record the same conclusion as that reached by the district court.

The objective medical evidence was sufficient to establish a neuromuscular condition. The only reason that a confirmed diagnosis has not been made is because the doctors have failed to establish *which* neuromuscular disease has afflicted Jackson. Numerous doctors reported on Jackson's condition, classifying it as "a significant weakness of neuromuscular origin," "significant and physiologically based," "at least a severe muscular dystrophy, progressive in nature," "chronic muscular weakness," and "a neuromuscular disease of some type." Record at 221, 289, 384, *Jackson* (No. 87–0675–CV–W–5). Furthermore, the ALJ specifically found that "[t]he medical evidence establishes that the claimant has the following conditions: a neuromuscular condition with complaints of weakness and fatigue." Record at 23.

■ A specific diagnosis of the type of neuromuscular disease from which Jackson is suffering is not a prerequisite to granting disability benefits in this case. As the Seventh Circuit has stated, "[P]ain and fatigue associated with a medically ascertainable cause may disable a person for purposes of the [Social Security] Act." *Sparks v. Bowen*, 807 F.2d 616, 616–17 (7th Cir.1986); *see also Beavers v. Secretary of HEW*, 577 F.2d 383, 386–87 (6th Cir.1978).

In *Sparks*, the claimant underwent extensive cardiac testing, which revealed irregular beating and intermittent rapid beating, but her physicians could not identify the cause of these symptoms. The court criticized the ALJ for denying benefits because the medical evidence did not reveal the *cause* of Sparks' condition. *Id.* at 617. The Seventh Circuit noted that "[t]he etiology of many medical conditions is obscure; symptoms are easier to study than are causes. That physicians do not know why a person has a condition does

not make that condition any less disabling." *Id.* at 618. We agree that, because of the elusive nature of medical science, a specific diagnosis is not required when the objective medical evidence provides ample support for the conclusion that the claimant is suffering from a disabling condition.

*Sparks* can be distinguished from the case at bar because, in *Sparks*, the ALJ found that the claimant's complaints of pain and fatigue were credible. *Id.* at 617. Here, the ALJ determined that Jackson's complaints were incredible. The district court determined that the ALJ's conclusion was not supported by substantial evidence. We agree.

> It is well established in this circuit that an ALJ may not disregard a claimant's subjective complaints of pain "solely because the objective medical evidence does not fully support them." "Although the ALJ may reject testimony on the basis of credibility, such rejection must be supported by legitimate reasons for disbelief and cannot be a guise for circumventing the rule that objective evidence is not needed to support subjective evidence of pain." In assessing allegations of pain, an ALJ may consider any inconsistencies in the record, frequency and type of medication and treatment, daily activities, and a claimant's appearance and demeanor at the administrative hearing.

*Nunn v. Heckler,* 732 F.2d 645, 648 (8th Cir.1984) (citations omitted). Although Jackson makes no complaints of pain, we apply the standards that relate to pain to his similar, subjective complaints of fatigue.

The ALJ based his finding of credibility on three factors: the objective medical evidence, Jackson's testimony, and Jackson's appearance at the hearing. As we have noted above, and as found by the ALJ, the objective medical evidence supports the conclusion that Jackson suffers from a neuromuscular disease which would cause fatigue. The ALJ pointed to Jackson's daily activities as evidence of the incredibility of Jackson's claims of fatigue; but he fails to recognize that, although Jackson can perform these activities, he cannot do so without extended periods of rest in between periods of physical exertion.

The ALJ's reliance on Jackson's appearance at the hearing also does not support his finding that Jackson's complaints were not credible. The ALJ pointed out that Jackson answered questions without difficulty and exhibited no defect in memory or concentration. These observations, however, related to the ALJ's conclusion that Jackson was not suffering from a mental disorder. Because Jackson has alleged fatigue due only to physiological causes, we conclude that the ALJ's determinations and observations as to Jackson's demeanor are irrelevant and insufficient as a basis for disbelieving Jackson's complaints.

Furthermore, the ALJ failed to make any reference to Jackson's frequency and type of medication and treatment. In his Brief, the Secretary notes that Jackson has undergone no hospitalizations and takes no medication for his condition. The record indicates, however, that Jackson has exerted substantial effort to find relief from his condition. For over two years, Jackson visited the Truman Medical Center regularly, seeking a diagnosis and treatment for his weakness. Jackson underwent extensive testing to determine its cause. He twice attempted to use medication but discontinued its use because he could not tolerate it and because it failed to improve his condition. These are not the actions of a malingerer.

We conclude, therefore, that the ALJ's determination that Jackson's complaints of fatigue were not credible is not supported by substantial evidence on the record. We further conclude that Jackson's complaints were credible, based on substantial evidence in the record, and that these complaints, in association with a medically ascertainable cause, render Jackson disabled for purposes of Social Security benefits.

■ The Secretary contends that even if the ALJ's credibility finding was improper, the district court should have remanded the case to the Secretary for the proper determination, not reverse and award benefits. He argues that reversal was improper in light of the ALJ's finding that Jackson could perform his past relevant work. We conclude, however, that the district court did not err by granting benefits rather than

a remand because the court has the power to do so and the record supported a finding of disability. Therefore, a remand was unnecessary. The vocational expert testified that if Jackson's complaints were credible, then Jackson would not be able to perform *any* work. Because the district judge found that the complaints were credible, he could grant benefits based on the testimony of the expert, without remand.

## III. CONCLUSION

The record in this case contains more than sufficient evidence on the credibility of Jackson's testimony with regard to fatigue. Furthermore, we conclude that there was not substantial evidence to support the ALJ's finding of no fatigue. With a finding of fatigue, Jackson meets the criteria for receiving disability benefits. Therefore, we affirm the district court's order remanding this case to the Secretary with directions to determine and distribute disability benefits to Jackson, using the initial date of disability as October 10, 1984.