**William BABER, Plaintiff,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Defendant.**

**Civ. No. S 90–412.**

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 8, 1991.

Charles J. Myers, Kokomo, Ind., for plaintiff.

Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALLEN SHARP, Chief Judge.

William Baber (the "Claimant") appeals from the final judgment of the Secretary of Health and Human Services (the "Secretary") denying his application for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i), 423. Jurisdiction over Baber's petition for judicial review is conferred on this court by 42 U.S.C. § 405(g).

### I.

On October 9, 1987, Baber filed an application with the Secretary for disability insurance benefits, claiming an onset date of disability of April 19, 1985 (R. 44–47).[1] The Secretary denied his application initially (R. 48–51) and on reconsideration (R. 56–59). Baber then requested a hearing, which was held before an administrative law judge ("ALJ") on May 15, 1989. In a decision issued August 16, 1989, the ALJ found Baber not disabled and thus not entitled to benefits under Title II of the Act (R. 12–18). That decision became the final decision of the Secretary on June 4, 1990, when the Appeals Council denied Baber's timely request for review (R. 4–5). Baber appeals that determination.

### II.

■ The Act itself provides the pertinent standard of review: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g). The ALJ's finding that Baber was not disabled must be upheld if it is supported by substantial evidence. *Pitts v. Sullivan*, 923 F.2d 561, 564 (7th Cir. 1991); *Kelley v. Sullivan*, 890 F.2d 961, 965 (7th Cir.1989). This court will not reweigh the evidence presented at the administrative hearing, *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987), nor will it determine whether Baber actually was disabled. *Farrell v. Sullivan*, 878 F.2d 985, 988 (7th Cir.1989); *Walker*, 834 F.2d at 640. Absent an error of law by the Secretary, this court must affirm his decision if there is substantial evidence to support it. *Kelley*, 890 F.2d at 965; *Steward v. Bowen*, 858 F.2d 1295, 1297 (7th Cir.1988). Substantial evidence is that quantum of relevant evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Baber must be "disabled" in order to qualify for the benefits he requests. The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

Pursuant to statutory authority, 42 U.S.C. § 423(d)(4), the Secretary has promulgated regulations for determining whether an individual is disabled. 20 C.F.R. § 404.1520(a)-(f) (1990). The Secretary employs a five-step process to determine whether a claimant is disabled within the meaning of the Act. *Steward*, 858 F.2d at

---

1. Baber previously filed an application for disability insurance benefits in August 1985 in which he alleged an inability to work since April 19, 1985, due to a back ailment. The application was denied initially and on reconsideration. Then an ALJ determined that Baber was not disabled, and the Appeals Council affirmed this decision. Baber never appealed the Secretary's final judgment in federal district court. Because Baber offers no basis for reopening the earlier determination, that decision is *res judicata* on the issue of disability through April 30, 1987, the date of the ALJ decision (R. 14–15). The Secretary correctly indicates that the administrative decision in the prior application is not before this court, and that this court lacks jurisdiction to review that determination. *Reynolds v. Bowen*, 844 F.2d 451, 454 (7th Cir. 1988). Accordingly, this court considers only Baber's claim of disability on or after May 1, 1987.

1297. The Seventh Circuit has described this sequential inquiry as follows:

> First, if the claimant is currently employed, he will be found not disabled. [Second, i]f the claimant is not working, the Secretary then examines medical evidence to determine whether the claimant has a severe impairment as defined in 20 C.F.R. § 404.1521(b).... If there is no severe impairment, the Secretary will find the claimant not disabled. [Third, i]f there is a severe impairment, the Secretary then measures the impairment against the requirements in the Listing of Impairments. If the claimant has a listed impairment, disability will be found. [Fourth, i]f the claimant does not have a listed impairment, the Secretary then determines whether the claimant can perform his past work. If yes, then there is no disability. [Fifth, i]f no, the Secretary considers the claimant's age, work history, and education to find out whether he can do any other work. If he cannot perform other work, disability will be found. If, however, other work is available, the claimant will be found not disabled.

*Stuckey v. Sullivan*, 881 F.2d 506, 508 (7th Cir.1989).

Applying the five-step procedure in this case, the ALJ found Baber not disabled under the Act; in so finding, the Secretary thereby renders him ineligible to receive benefits. In the present appeal Baber alleges five errors of law committed by the Secretary (through his designate, the ALJ). Baber requests this court to grant his motion for summary judgment and remand the matter to the ALJ for a new hearing. For reasons described herein, Baber's motion is DENIED, and the judgment of the Secretary is AFFIRMED.

### III.

The court addresses in turn each of Baber's five allegations of error.

■ 1. Baber first maintains that the ALJ misstated the definition of "sedentary work," and that this "mere fact" is sufficient reason for the court to remand for rehearing. Baber argues that the ALJ im- properly held that sedentary work by definition contemplates periods of up to two hours per workday of intermittent walking and standing. The court finds the ALJ's statements at pages 16–17 of his decision to accurately characterize and apply the law regarding sedentary work. The Regulations define a sedentary job as "one which involves sitting[; although,] a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met," which include lifting no more than ten pounds at a time and occasionally lifting or carrying lightweight objects. 20 C.F.R. § 404.1567(a). Moreover, Social Security Ruling (SSR) 83–10, on which Baber expressly relies, specifically provides that the term "occasionally" used in the above definition of "sedentary work" contemplates periods of standing or walking up to two hours in an eight-hour workday. Baber's assignment of error on this point is not well-taken.

2. Baber next argues that the ALJ misstated another aspect of SSR 83–10, that dealing with the stooping required of a person performing sedentary work. On pages 16–17 of the administrative record, the ALJ wrote: "[S]edentary work generally involves intermittent walking or standing of up to two hours in an eight hour day and no significant stooping or bending since the work is primarily performed in a seated position." This court disagrees that the ALJ misstated SSR 83–10. The relevant provision dealing with sedentary work provides in relevant part: "By its very nature, work performed primarily in a seated position entails no significant stooping." Far from "misstating" the Social Security Ruling, the ALJ captured its very essence. Nonetheless, Baber charges the ALJ with "unfairly" "downplaying" his ability to bend or stoop, thus affecting his ability to perform sedentary work. The court disagrees with Baber's characterization. The ALJ first determined that Baber's complaints of disabling pain were not credible and did not render him unable to perform sedentary work. He next found that, even

if the pain did render him unable to sit at any one time for more than an hour and a half, that condition alone would not keep him from sedentary work since "being on one's feet is required 'occasionally' at the sedentary level of exertion"—up to as much as two hours per eight-hour workday. The ALJ's finding in this regard neither misstates the rule nor misinterprets the relevant evidence.

■ 3. Baber next alleges that the ALJ improperly took administrative notice when he said at page 17 of the record:

> [V]irtually all employers offer fifteen minute morning and afternoon breaks and a lunch period generally in the middle of the eight hour workday.... Thus, even if [Baber] is, in fact, unable to sit more than one and [one] half hours at a time, he could still perform a wide range of the unskilled sedentary jobs administratively noticed.

Baber asserts the ALJ is not competent to "notice" this fact administratively, but must rely for its accuracy on vocational testimony nonexistent in this record. The court disagrees with Baber's contention. Administrative notice that employers commonly allow occasional breaks during a workday is not improper. *But see Warmoth v. Bowen,* 798 F.2d 1109, 1111 (7th Cir.1986) (ALJ erred when he took administrative notice of a legal conclusion, factually unsupported by the record, on which Secretary bore the burden of proof). But even were the ALJ's finding in this regard erroneous as a matter of law, such error would be no more than *de minimis.* This is because the ALJ's finding did not dispose of the issue. His determination was little more than an incidental "by the way" discussion of why Baber is capable of performing sedentary work and thus is not disabled.

■ 4. Next, Baber asserts that the ALJ erroneously failed to credit his complaints of disabling pain. The Act provides that "[a]n individual's statement as to pain ... shall not alone be conclusive evidence of disability ...; there must be medical signs and findings ... which could reasonably be expected to produce the pain alleged." 42 U.S.C. § 423(d)(5)(A). The Seventh Circuit has interpreted this statutory mandate to require that, to recover for subjective complaints of disabling pain, a claimant must present evidence of (1) an objectively demonstrated abnormality and either (2a) that objective medical evidence confirms the severity of the alleged pain arising from that condition, or (2b) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain. *Sparks v. Bowen,* 807 F.2d 616, 618 (7th Cir.1986).

■ The ALJ considered Baber's complaints of pain in reaching his decision and found Baber not to have satisfied his burden of proof. The Secretary concedes that Baber met the first prong of the *Sparks* test since objective medical evidence established that Baber experiences back and left leg pain. The Secretary maintains that Baber has not, however, sufficiently demonstrated that he satisfies the second *Sparks* prong. This court agrees.

Despite Baber's acknowledged degenerative arthritis of the lumbar spine, the medical evidence and his own behavior have consistently shown that his ailment is not of disabling severity. In November 1987, Dr. Kevin Gerth noted that Baber's treating physicians had not been able to demonstrate any recurring nerve root compression, and that accordingly Baber was not a candidate for additional surgery. Dr. Gerth further observed that Baber continued to complain of pain, but that his only treatment was the occasional use of a brace and aspirin on an as-needed basis. He recommended that Baber continue with conservative treatment (R. 135).

Baber underwent a pair of residual functional capacity (RFC) assessments in December 1987 and again in February 1988 (R. 50–51, 58–59). The two physicians, Dr. Henry J. Marciniak and Dr. A. Landwehr, both found Baber capable of lifting and/or carrying up to 20 pounds, frequently lifting and/or carrying up to 10 pounds, and walking/standing about 6 hours per 8–hour workday. Baber was also found to be unlimited in reaching, handling, fingering,

feeling, seeing, hearing, and speaking; and could occasionally climb, balance, stoop, kneel, crouch, and crawl (R. 50, 58).

In addition to the medical evidence, Baber's own physical activities belie his claim of disabling pain. Baber testified he drove his car four times weekly to attend classes at the nearby campus of Indiana University at Kokomo (R. 33, 68). He also stated that he maintained social contact twice weekly with friends and relatives (R. 68). Baber further indicated during a psychological examination with Dr. Paul J. Martin that he leads a "normally active" lifestyle, with the exception of full-time employment, including spending time with his family, playing table games, and working with computers (R. 119). Based on Baber's admitted social pastimes, this court finds that substantial evidence supports the ALJ's conclusion that Baber's allegations of disabling back pain are not credible.

■ 5. Baber finally quarrels with the ALJ's conclusion that he suffers no nonexertional limitations. Baber charges the ALJ with improper failure to consider his pain as a nonexertional limitation, and rejects the ALJ's mechanical application of the Medical–Vocational guidelines (the "Grid") to reach his conclusion of "not disabled." The court disagrees with Baber's contention.

The Grid is a chart that classifies a claimant as disabled or not, based on his residual functional capacity, age, education, and work experience. Where use of the Grid is appropriate, the Secretary may rely solely upon it in determining disability. "Mechanical" application of the Grid is inappropriate, however, where non-exertional impairments, including pain, are so severe as to preclude a claimant's performing the work indicated. *Smith v. Schweiker*, 735 F.2d 267, 270–72 (7th Cir.1984). Whether application of the Grid is appropriate is a question of fact. *Walker*, 834 F.2d at 641. Thus, the ALJ's use of the Grid will be upheld so long as substantial evidence supports its application. *Id.* The fact that Baber claims to suffer a non-exertional impairment does not preclude the Grid's use. *Id.* Instead, the ALJ must determine

whether Baber's non-exertional impairments are so severe as substantially to restrict his occupational abilities. *Id.* The ALJ's determination to apply the Grid in this case must be upheld if there is "reliable evidence of some kind that would persuade a reasonable person that the limitations in question do not significantly diminish the employment opportunities otherwise available." *Warmoth*, 798 F.2d at 1112.

While the record reveals, and the ALJ found, that Baber has experienced a some back pain, the court finds, as discussed above, that the medical evidence does not substantiate Baber's testimony that his pain is of disabling severity. Substantial evidence in the record supports the finding that non-exertional impairments do not significantly restrict Baber's occupational abilities. For this reason the testimony of a vocational expert is unwarranted, and the ALJ's determination of "not disabled" must stand.

### IV.

Based on the foregoing review of the record in this case, the court finds substantial evidence to support the Secretary's finding that Baber is not disabled. Accordingly, the Secretary's judgment is AFFIRMED; Baber's motion for summary judgment is DENIED; and the Secretary's motion for summary judgment is GRANTED. SO ORDERED.