_____

No. 95-1405
_____

James Payne,                        *
                                    *
     Plaintiff - Appellant,         *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Western District of Missouri.
Shirley S. Chater, Commissioner     *
of Social Security,                 *     **[UNPUBLISHED]**
                                    *
     Defendant - Appellee.          *

_____

              Submitted:  November 17, 1995

                 Filed:  January 10, 1996
_____

Before McMILLIAN and LOKEN, Circuit Judges, and BOGUE,[*] District
     Judge.
_____

PER CURIAM.


     James Payne appeals the district court's[1] order affirming the
Commissioner of Social Security's denial of Payne's application for
Social Security disability benefits, see 42 U.S.C. §§ 401 et seq.
We affirm.


     Payne, now deceased, claimed that he became disabled on
October 5, 1990, due primarily to chronic obstructive pulmonary
disease ("COPD"), and also to back pain, bursitis in his elbows,

_____

     *The HONORABLE ANDREW W. BOGUE, United States District Judge
for the District of South Dakota, sitting by designation.

     [1] The HONORABLE JOSEPH E. STEVENS, JR., Chief Judge of the
United States District Court for the Western District of
Missouri.

hiatal hernia, angina, spastic colon, and hearing loss. Following a hearing, the Commissioner's Administrative Law Judge ("ALJ") found that Payne's impairments were severe but do not meet or equal any listed in 20 C.F.R. Part 404, App. 1, Subp. P, Reg No. 4; that his subjective complaints of pain and fatigue were not credible; that he could perform his past relevant work in insurance sales and also other light, semi-skilled work; and therefore that Payne was not disabled. The Appeals Council denied review, the district court ruled that substantial evidence supports the Commissioner's decision, and Payne appealed.

On appeal, Payne primarily argues that the ALJ improperly discredited Payne's subjective complaints of disabling shortness of breath and fatigue caused by his COPD. We disagree. The ALJ pointed to medical evidence that Payne's COPD was stable through 1992 and would have been at least somewhat reversible had he stopped smoking, which he refused to do until 1992 despite years of admonitions from his doctors. The ALJ also observed that Payne needed to lie down after outings primarily because he refused his doctor's advice to take a portable oxygen unit with him. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (controllable impairment not a disability); Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989) (failure to follow course of treatment may be considered). Having reviewing the entire record, we conclude that the ALJ properly applied the criteria of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (pain), and Jackson v. Bowen, 873 F.2d 1111 (8th Cir. 1989) (fatigue), in partially discrediting Payne's subjective complaints.

Payne further argues that the ALJ's hypotheticals to the vocational expert witness did not accurately reflect Payne's impairments. It is not clear that the vocational expert's testimony is even relevant given the finding that Payne is able to perform past relevant work. In any event, the ALJ properly included in his hypotheticals those impairments and subjective

complaints he found credible.  See Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994).

We agree with the district court that the ALJ's decision is supported by substantial evidence on the record as a whole.  House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994); 42 U.S.C. § 405(g). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.