# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3375

———————

William L. Minor, Sr.[*]                             *
                                                     *
            Plaintiff - Appellant,                   *
                                                     *   Appeal from the United States
      v.                                             *   District Court for the
                                                     *   Eastern District of Missouri.
Michael J. Astrue, Commissioner of                   *
Social Security,                                     *
                                                     *
            Defendant - Appellee.                    *

———————

Submitted:  April 15, 2009
     Filed:  July 29, 2009

———————

Before MURPHY, BRIGHT, and BYE, Circuit Judges.

———————

BRIGHT, Circuit Judge.

Fannie Minor appeals the district court's order affirming an administrative law judge's ("ALJ") denial of her application for Disability Insurance Benefits and Supplemental Security Income payments. On appeal, Minor argues that the ALJ erred in assessing Minor's residual capacity and erred in posing an improper hypothetical to the vocation expert. Having jurisdiction pursuant to 28 U.S.C. § 1291, we reverse and remand the case to the ALJ for further proceedings.

———————

[*]Pursuant to this Court's order dated April 14, 2009, William L. Minor, Sr. is substituted as Appellant in place of Fannie D. Minor.

## I. Background

Minor was born in 1954. She did not complete high school, but earned a GED and completed training as a licensed practical nurse. She measured 5'7" and historically weighed over 190 pounds, with a Body Mass Index of 30. For more than three decades, Minor smoked one pack of cigarettes per day.

Minor was 49 years old on June 15, 2004, the date on which she allegedly became disabled due to an array of health issues, including depression, back pain, poor circulation, and weight problems. She documented and complained of shortness of breath and lung disease. According to her lawyer, Minor died of lung cancer at the age of 54 on April 4, 2009, while this appeal was pending.

Minor had filed her Application for Benefits on October 4, 2004. The agency denied her claim on November 24, 2004. Shortly thereafter she requested a hearing, which occurred on July 18, 2006. The ALJ denied her benefits on November 16, 2006, finding her only partially credible and not disabled as defined by the Social Security Act. Minor sought review, but the Appeals Council upheld the denial on August 3, 2007. Minor then filed a complaint in the district court,[1] which upheld the ALJ's decision. Minor timely appealed to this Court. Upon her death, Minor's husband, William L. Minor, Sr., took her place as named appellant.

## II. Discussion

This Court reviews de novo a district court's decision to affirm the denial of social security benefits. *See Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). This Court will affirm a denial of benefits when the substantial evidence on the record as a whole supports the ALJ's decision. *See Johnson v. Chater*, 108 F.3d 178, 179 (8th

---

[1]Pursuant to 28 U.S.C. § 636(c), the parties consented to a magistrate judge's resolution of these proceedings.

Cir. 1997). As this Court has reiterated, the "substantial evidence on the record as a whole" standard requires a more rigorous review of the record than does the "substantial evidence" standard:

> "Substantial evidence" is merely such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "Substantial evidence on the record as a whole," however, requires a more scrutinizing analysis. In the review of an administrative decision, "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Thus, the court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory.

*Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989) (quoting *Jackson v. Bowen*, 873 F.2d 1111, 1113 (8th Cir. 1989)). *See also Burress v. Apfel*, 141 F.3d 875, 878 (8th Cir. 1998) ("As this court has repeatedly stated, the 'substantial evidence in the record as a whole' standard is not synonymous with the less rigorous 'substantial evidence' standard."); *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987) ("It is not sufficient for the district court to simply say there exists substantial evidence supporting the [Commissioner] and therefore the [Commissioner] must be sustained.").

In our view, the record as a whole requires that we should remand for further evaluation. The weight of the evidence in the record indicates that Minor suffered from numerous respiratory health problems. Minor regularly smoked cigarettes for more than thirty years. She could not walk more than two or three blocks at a time due to, among other things, shortness of breath. She had to catch her breath every twenty to thirty minutes while washing dishes. She had trouble breathing, for which she took Adavir and used a nebulizer. She also experienced chronic coughing spells, brought up phlegm, and suffered from multiple episodes of pneumonia. Medical test results from April 2006 showed a predominately interstitial pattern throughout both lungs, particularly in the mid-lung region, while May 2006 test results indicated

interstitial lung disease. Around this time, Minor's doctor also diagnosed her with chronic obstructive pulmonary disease ("COPD") and pulmonary hypertension, as well as systematic hypertension. A subsequent respiratory examination revealed decreased breath sounds at both lung bases.

Although the ALJ recognized that Minor suffered from interstitial lung disease, the ALJ found her complaints only partially credible and denied her disability claims. Specifically, the ALJ noted that "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible."

This determination requires further review. We now know that Minor suffered from lung cancer, which caused her death. This knowledge and the record as a whole require a remand for further consideration of Minor's disability claim.

On remand, the ALJ shall determine whether the lung cancer existed at the time that the ALJ discounted Minor's relevant complaints and, if so, whether it prevented her from engaging in any substantial gainful activity. The record may be reopened for this purpose.

Finally, as a basis for the ALJ's decision to deny Minor benefits, the ALJ posed a hypothetical question to the vocational expert regarding Minor's ability to work, which assumed only slight limitations on Minor's physical ability to perform jobs and which the magistrate judge described as "somewhat unclear." On remand, Minor's representatives also should have the opportunity to ask the vocational expert further questions in light of the discovered lung cancer as well as the record as a whole.

-4-

## III. Conclusion

For the foregoing reasons, we reverse and remand the case to the ALJ for further proceedings consistent with this opinion. Given the age of this case, we suggest the review be expedited.

_____