# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2636

_____

Deborah Kay Dodson,        *
       *
       Appellant,        *
       *    Appeal from the United States
       v.        *    District Court for the Western
       *    District of Arkansas.
Michael J. Astrue, Commissioner,        *
Social Security Administration,        *    [UNPUBLISHED]
       *
       Appellee.        *

_____

Submitted: September 28, 2009
Filed: October 1, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Deborah Kay Dodson alleged disability since January 2004 from diabetes, neuropathy in her feet and knees, and residuals from a stroke. After a January 2007 hearing, where Dodson was counseled, an administrative law judge (ALJ) determined that (1) Dodson's diabetes, neuropathy, and stroke residuals were severe impairments, but these impairments, alone or combined, did not meet or medically equal the requirements of any listing; (2) her subjective complaints were not entirely credible; (3) her residual functional capacity (RFC) precluded her past relevant work; but (4) based on her age, education, and work experience, the Medical-Vocational Guidelines (Grids) supported a finding of not disabled. The Appeals Council denied review, and

the district court[1] affirmed. This appeal of the district court's order followed, and upon our careful review of the record and the parties' submissions on appeal, see Minor v. Astrue, 574 F.3d 625, 627 (8th Cir. 2009) (standard of review), we affirm for the reasons explained below.

For reversal, Dodson challenges the ALJ's credibility determination. Even assuming (without deciding) that the ALJ erred in relying on Dodson's reported daily activities as a reason to discredit her, cf. Wagner v. Astrue, 499 F.3d 842, 851 (8th Cir. 2007) (ability to cook and clean and engage in hobbies does not amount to substantial evidence that claimant has functional capacity for substantial gainful activity), the ALJ gave other valid and supported reasons for discounting the extent of Dodson's subjective complaints, such as her repeated failure to comply with treatment and the lack of physician-ordered restrictions, see Juszczyk v. Astrue, 542 F.3d 626, 632 (8th Cir. 2008) (where ALJ explicitly discredits claimant and gives good reasons for doing so, his credibility determination is normally entitled to deference).

Dodson also argues that she met or equaled the requirements for two listings, but we agree with the ALJ that she failed to meet her burden of showing her impairments met or equaled such requirements. See Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004) (impairments must meet all specified listing criteria); see also Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting conclusory assertion that ALJ did not consider whether appellant met certain listings, where no analysis of law or facts was provided).

Finally, Dodson contends that the ALJ failed to consider nonexertional limitations resulting from her pain. The ALJ properly discredited the alleged extent

[1]The Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

of Dodson's pain, however, and thus he was not required to include related nonexertional limitations in his RFC determination. See Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (in determining RFC, ALJ must evaluate claimant's credibility and take into account all relevant evidence). It was therefore proper for the ALJ to rely on the Grids to find Dodson not disabled. See Baker v. Barnhart, 457 F.3d 882, 894-95 (8th Cir. 2006).

Accordingly, we affirm.

_____